IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| BARBARA BREEDLOVE,<br><br>    Plaintiff,<br><br>v.<br><br>PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>    Defendant. | Case No.: _____ |

## NOTICE OF REMOVAL

Defendant, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA (incorrectly named as "Prudential Insurance Company of America) ("Prudential" or "Defendant"), by and through its attorneys, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal with respect to the above-captioned case, which was filed and currently is pending in the Chancery Court for Washington County in Jonesborough, Tennessee, Case No. 43864. In support of its Notice of Removal, Defendant states as follows:

### Background And Timeliness

1. On August 18, 2016, Plaintiff Barbara Breedlove ("Plaintiff") commenced a civil action against Defendant by filing a Summons and Complaint in the Chancery Court for Washington County in Jonesborough, Tennessee, Case No. 43864 (the "Lawsuit"). There are no other parties named in Plaintiff's complaint.

2. Prudential was served with a summons and Plaintiff's complaint in this action on August 30, 2016.

3. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of Plaintiff's Summons and Complaint from the state court action, is attached hereto as Exhibit 1. These documents

constitute all "process, pleadings, and orders" served on Defendant in the state court action seeking recovery against it.

4. Because Defendant has filed this Notice of Removal within thirty days of receiving service of process, this Notice of Removal is timely. 28 U.S.C. § 1446(b).

5. Plaintiff's claims arise out of a group disability insurance policy issued to East Tennessee State University ("ETSU"). (Ex. 1, Compl. ¶¶ 2-3.) Plaintiff applied for long-term disability ("LTD") benefits, which Prudential denied, finding that Plaintiff did not meet the definition of disability as set forth in the insurance policy. (Ex. 1, Compl. ¶ 8.) Plaintiff now seeks to recover LTD benefits retroactive to the day benefits would have begun had Prudential not denied her claim by way of a breach of contract claim, stating that she has satisfied all conditions to be eligible to receive the benefits. (Ex. 1, Compl. ¶¶ 11-16, 21-22.) Plaintiff also asserts a claim for bad faith. (Ex. 1, Compl. ¶¶ 17-19.)

6. Plaintiff seeks specific performance, consequential, mental and/or emotional stress damages, punitive damages, and attorney fees. (Ex. 1, Compl. at Request for Relief.)

## This Case Is Removable Based Upon Diversity Jurisdiction

7. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending."

8. Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States."

9. In this case, both the "diversity" and "amount in controversy" requirements are met.

The Parties Are Diverse

10. Upon information and belief, Plaintiff currently resides in Piney Flats, Tennessee. (*See, e.g.,* September 17, 2014, Claim Correspondence, attached hereto as Ex. 2; *see also* Ex. 1, Compl. ¶ 2 (alleging Plaintiff worked in Washington County, TN for East Tennessee State University.)

11. Section 1332 defines corporate citizenship as follows: "[f]or the purposes of this section and section 1441 of this title . . . a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c).

12. Defendant is a corporation incorporated under the laws of the State of New Jersey, and Defendant's principal place of business is the State of New Jersey. Thus, Defendant is a citizen of a state other than New York. 28 U.S.C. § 1332(c)(1).

13. Because Plaintiff and Defendant are citizens of different states, this case is "between citizens of different states." 28 U.S.C. § 1332(a), (c).[1]

The Amount In Controversy Exceeds $75,000

14. Plaintiff has not alleged a specific amount in controversy. This does not preclude removal. The Supreme Court has instructed that in cases where a plaintiff has not specified an amount in controversy in a petition, the removing defendant "need only plausibly allege, not detail proof of, the amount in controversy." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 550 (2014). Jurisdiction is determined at the time of removal. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (2007) (affirming district court's denial of motion to

---

[1] In Complaint Paragraph No. 2, Plaintiff states that "Defendant, East Tennessee State University . . . conducts business in Washington County, Tennessee." (Ex. 1, Compl. at ¶ 2.) East Tennessee State University is not named as a defendant in this action, however, and therefore its citizenship is irrelevant for the purposes of removal.

3

remand) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938)). The Sixth Circuit has stated that removal is proper if it is "more likely than not" that the amount in controversy exceeds $75,000. *Id.* Indeed, the Supreme Court has instructed that this Court should not decline jurisdiction unless it appears "to a 'legal certainty' that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co.,* 303 U.S. at 289.

15. Based on the allegations contained in the Complaint, the amount in controversy is well over $75,000.

16. In Count I, Plaintiff alleges that Prudential breached its contract with Plaintiff by failing to pay long-term disability ("LTD") benefits, causing Plaintiff to suffer damages in excess of $25,000.00. (Ex. 1, Compl. at ¶ 15.)

17. In Count III, Plaintiff seeks LTD benefits retroactive to the day benefits would have begun. (Ex. 1, Compl. at ¶ 21.) As such, Plaintiff's damages sought in Count I are related to the damages sought in Count III.

18. The insurance policy governing Plaintiff's LTD claim provided that in the event that Plaintiff was eligible to receive benefits, she would be paid a total of $4,986.00 per month. (2014 Cost of Living Adjust Correction, attached hereto as Exhibit 3.) Prudential terminated Plaintiff's claim for long-term disability benefits effective September 17, 2014. (Ex. 2.) Plaintiff filed this action on August 18, 2016. Therefore, as of the date of filing, August 16, 2016, Plaintiff seeks payment of past due LTD benefits for a total of 23 months; that is, she seeks payment for the period between September 18, 2014 and August 16, 2016. Past due LTD benefits payable pursuant to the terms and conditions of the LTD policy total $114,678.00 for this period.

19. This amount exceeds $75,000.

20. In Count II, Plaintiff alleges that Prudential's actions were egregious and accordingly she seeks consequential, mental and/or emotional stress damages, and punitive damages excess of $25,000. (Ex. 1, Compl. at ¶ 19.) Prudential denies that Plaintiff is entitled to any such damages. But, potential punitive damages are included in calculating the amount in controversy for the purposes of establishing diversity jurisdiction. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (affirming that "[w]hen determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered ... unless it is apparent to a legal certainty that such cannot be recovered").

21. Tennessee by statute has capped punitive damages that can be awarded. Tenn. Code § 29-30-104. Punitive damages may be awarded in the amount of two times the total amount of compensatory damages, or $500,000, whichever is greater. Tenn. Code § 29-30-104(a)(5). Prudential expressly denies that Plaintiff is entitled to any punitive damages. But, as noted above, potential punitive damages are to be included when calculating the amount in controversy, and the potential punitive damage award alone, assuming that punitive damages are awarded, could exceed $75,000.

22. Plaintiff also seeks attorney's fees. (Ex. 1, Compl. at Prayer for Relief.) Section 56-7-105 of the Tennessee Code authorizes an award of attorney's fees in the event that an insurer's denial of a claim constitutes bad faith. The Sixth Circuit has stated that attorney's fees should be considered as part of the amount in controversy where a statute allows for an award of attorney's fees. *Williamson*, 481 F.3d at 377 (attorney's fees that could be awarded pursuant to section 56-7-105 should be included in the amount in controversy).

23. Accordingly, although Defendant disputes the viability and accuracy of Plaintiff's claims, the amount in controversy is well over $75,000, exclusive of interests and costs.

5

24. Thus, this Court has original jurisdiction over that claim. 28 U.S.C. §§ 1332(a); (c); *Williamson*, 481 F.3d at 377.

25. This action is removable to this Court. 28 U.S.C. § 1441(a), (b); *Williamson*, 481 F.3d at 377.

## **Venue And Notice**

26. Venue is proper in this District because, pursuant 28 U.S.C. § 123(a)(2), this District embraces the Chancery Court for Washington County in Jonesborough, Tennessee, the place where the removed action has been pending. 28 U.S.C. § 1441(a).

27. Promptly upon the filing of this Notice of Removal, Defendant shall file a Notice of Filing of Notice of Removal, with a copy of the Notice of Removal, with the Chancery Court for Washington County in Jonesborough, Tennessee, and will serve a copy thereof on Plaintiff through her counsel, pursuant to 28 U.S.C. § 1446(d). A copy of this notice is attached hereto as Exhibit 4.

## **Conclusion**

28. Based on the foregoing, this Court has original jurisdiction over this action based on diversity of the parties under 28 U.S.C. § 1332; therefore, the Court properly may exercise jurisdiction over this Lawsuit. 28 U.S.C. § 1441(a).

29. Should Plaintiff seek to remand this case to state court, Defendant respectfully asks that it be permitted to brief and argue the issue before any order remanding this case. In the event the Court decides remand is proper, Defendant asks that the Court retain jurisdiction and allow Defendant to file a motion asking this Court to certify any remand order for interlocutory review by the U.S. Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. § 1292(b).

WHEREFORE, Defendant requests that the above-described action pending against it be removed to this Court. Defendant also requests all other relief, at law or in equity, to which it justly is entitled.

**DATED: September 21, 2016**  Respectfully submitted,

PRUDENTIAL INSURANCE COMPANY OF AMERICA


By: /s/ Cyrus L. Booker
    Cyrus L. Booker
    CBooker@bookerlegal.com
    Booker Legal Group, P.C.
    205 Powell Place, Suite 314
    Brentwood, TN 37027
    Telephone: 615-815-1634
    Facsimile: 615-301-6500

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2016, I electronically filed the foregoing NOTICE OF REMOVAL using the Court's CM/ECF method, which will send notification of such filing to the following at their e-mail addresses on file with the Court:

>Laurel Farrell
>249 E. Main Street
>Johnson City, TN  37604
>423-928-8321
>Fax:  423-928-2822

>/s/ Cyrus L. Booker
>One of the Attorneys for Defendant
>Prudential Insurance Company of America

28889613v.2
Case 2:16-cv-00297-HSM-MCLC   Document 1   Filed 09/21/16   Page 8 of 8   PageID #: 8